IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC STRONG,
        Plaintiff,

vs.                                              Case No. 3:08cv402/MCR/MD

BREVARD ACHIEVEMENT CENTER, INC.,
        Defendant.

## ORDER

This cause is before the court upon defendant's "Motion for Sanctions and for Dismissal for Plaintiff's Failure to Appear for Plaintiff's Deposition and Failure to Comply with the Court's Discovery Orders." (Doc. 41). Plaintiff has responded in opposition to the motion. (Doc. 48). For the reasons that follow, the motion will be granted.

This is defendant's second motion for sanctions. The first motion was filed on April 24, 2009. (Doc. 27). Defendant asserted that plaintiff wholly failed to respond to defendant's interrogatories and requests for production of documents propounded under Rules 33 and 34 of the Federal Rules of Civil Procedure, and that plaintiff made insufficient disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure. (Docs. 27, 33). A hearing on defendant's motion was held on June 12, 2009. (Doc. 38). In open court, plaintiff was advised of his discovery obligations and admonished that his failure to cooperate in discovery could result in a number of sanctions, including dismissal of this case. Plaintiff agreed to accompany defendant's counsel to his office to provide all relevant information and documents in his possession. Accordingly, defendant's motion for sanctions was denied without prejudice. (Doc. 39).[1]

---

[1]Defendant does not contend plaintiff failed to fulfill his obligations in this regard.

*Case No: 3:08cv402/MCR/MD*

Defendant's present motion, filed on July 29, 2009, is based on plaintiff's failure to attend his deposition. (Doc. 41). Defendant has submitted documentation and affidavits verifying that plaintiff failed to appear for his scheduled deposition after being served with proper notice. (Docs. 41, 45). In plaintiff's response, which is neither sworn nor verified under oath, plaintiff states that he was sick on the day of his deposition, and that he "believes" he called defendant's attorney on the day of the deposition to reschedule it. (Doc. 48). Defendant has responded by submitting sworn affidavits attesting to the following facts: (1) the day before plaintiff's scheduled deposition, plaintiff telephoned and conferred with defendant's attorney about his deposition and did not seek a continuance or change to the scheduling of his deposition, gave no indication that he did not intend to appear for his deposition, and made no statement indicating he was ill such that he could not appear for the scheduled deposition; (2) after plaintiff failed to appear for his deposition, numerous attempts were made to contact him at home and on his cell phone, but plaintiff failed to answer his telephones, return any calls, or respond to voice mail messages left by defendant's attorney's office; (3) five days after the missed deposition, plaintiff telephoned defendant's attorney at 1:10 a.m. and left two voice mail messages indicating that he had "strep throat" on the day of his scheduled deposition; and (4) plaintiff worked his regular shift on the night before his scheduled deposition, on the day of his scheduled deposition, and on the two days following his scheduled deposition with no complaint of being ill. (Docs. 41, 45).

The court finds that plaintiff failed to attend his deposition after being served with proper notice, and that plaintiff's failure to attend was unjustified. Therefore, defendant's motion for sanctions will be granted to the extent it seeks a monetary sanction.[2]

Accordingly, it is ORDERED:

1. Defendant's motion for sanctions (doc. 41) is GRANTED.

2. On or before **September 25, 2009**, defendant shall submit documentation of the expenses it incurred in connection with the missed deposition, including attorney's fees and

---

[2]At this time, the court will not impose the drastic sanction of dismissing plaintiff's complaint with prejudice. However, plaintiff is strongly warned that the court will not hesitate to impose that sanction should he again fail to cooperate in discovery or in the preparation of this case for trial.

*Case No: 3:08cv402/MCR/MD*

court reporter fees and appearance costs.  Plaintiff may file his objection to the amount requested, if any, such that it is received by the clerk of court  on or before **October 2, 2009**.

3.  On or before **October 12, 2009**, plaintiff shall cooperate in scheduling and attending his deposition.

4.  **If plaintiff fails to comply with any portion of this order, this case may be dismissed upon motion by the defendant.**

DONE AND ORDERED this 14th day of September, 2009.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**